KLEES, Judge.
Defendant, Leonard Young, appeals the trial court’s judgment ordering him to pay $270.00 in filing fees to the Clerk of Civil District Court [hereinafter “Clerk”]. After reviewing the matter, we reverse.
On or about August 11, 1992, the Clerk sent Leonard Young, an attorney, a letter stating that he owed a $100.00 filing fee to the Clerk for an answer filed on behalf of Gulf Insurance Company (Mr. Young’s client) in 1984 in a lawsuit from which Gulf had been dismissed in 1985. Later, Mr. Young received two similar letters concerning filing fees of $85.00 each in two lawsuits in which Gulf, a third party defendant, had been dismissed in 1985 as a result of a settlement. When Mr. Young refused to pay these amounts, the Clerk filed a Rule to Show Cause against him. Defendant filed an opposition, and the matter was heard before the civil district court judge on April 23, 1993. The court rendered judgment granting the Clerk’s motion and ordering defendant to pay $270.00 to the Clerk. Defendant has appealed suspensively.
In written reasons for judgment, the district court relied solely on Civil District Court Rule 5, Section 5, which provides:
When any lawsuit is terminated by compromise in whole or in part, it shall be the duty of the attorney for the settling party, as an officer of the court, to see that all fees due the clerk of court or civil sheriff are paid when such compromise is confect-ed.
*816 The court reasoned that Mr. Young, as an officer of the court, is responsible for the unpaid fees.
On appeal, defendant argues that the district court erred: (1) by the failure of the district court judge to recuse herself; (2) by finding that the Clerk had met her burden of proof; (3) by interpreting Local Rule 5.5 to denote Mr. Young as “the attorney for the settling party;” (4) by failing to hold that the Clerk’s claim is perempted by virtue of La. R.S. 13:843.1; (5) by failing to dismiss the Clerk’s claim on the basis of prescription; and (6) by failing to apply the doctrine of equitable estoppel.
Defendant’s first argument, that the district court judge should have recused herself, is without merit. The mere fact that the judges of civil district court have statutory control over the Judicial Expense Fund does not automatically give them an interest in the outcome of this litigation such as would require recusal.
Defendant’s second argument, that the Clerk failed to meet her burden of proof, does have merit. The record contains no evidence, testimonial or documentary, which supports the decision of the trial court. The trial court apparently based her decision on the arguments of counsel alone, or on untran-scribed testimony. The only documents in the record are the Clerk’s letters to Mr. Young demanding payment and the judicial orders dismissing Mr. Young’s client from the various lawsuits, all of which are marked “Costs paid” and signed by the deputy clerk. These documents were attached by the opposing attorneys in their memoranda to the court. In the absence of any evidence to refute the dismissal orders marked “Costs paid,” we would be constrained to hold that the Clerk failed to meet her burden of proof, and the trial court was clearly wrong.
However, in the instant case, we find that even if the Clerk met her burden of proof, the trial court’s judgment must be reversed because the Clerk’s claim has prescribed. According to Louisiana Civil Code article 3494, certain actions are subject to a liberative prescription of three years, including “[a]n action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging and board.” Although this is apparently an issue of first impression in our courts, we find that an action by a clerk of court to recover filing fees falls within the ambit of article 3494, and is therefore subject to a prescription of three years. Under the plain language of the article, the Clerk is a public official, and filing fees are fees due a public official for services rendered. Moreover, although internal court rules require the attorney for the settling party to see that all fees are paid, the Clerk has a corresponding statutory duty to check his records and send out timely notices regarding unpaid fees. La.R.S. 13:843.1. provides:
Not later than one hundred twenty days after final termination of a civil suit, the clerks of the district courts shall:
(1) Refund to the plaintiff or plaintiffs any unused balance remaining in the clerk’s advance deposit fund to the credit of the particular suit; or
(2) Issue to the party primarily liable a demand for payment of any accrued costs in excess of the advance deposit supported by an itemized account of these accrued costs.
An order dismissing a party defendant from a civil suit is the final termination of the suit against that party. Therefore, we hold that the Clerk has a duty to send that party notice of unpaid fees within 120 days of the order of dismissal. Furthermore, whether or not such a notice is sent, under article 3494, the Clerk has no longer than three years from the date of the order of dismissal to file an action seeking unpaid fees from that party. We hold that prescription begins to run on the date of dismissal or termination rather than on the date the pleading is filed. Although the fees become due on the date the document is filed, as long as the case is ongoing and the party remains in the litigation, the Clerk is performing a continuing service, and prescription does not begin to run. However, once the litigation is terminated, the Clerk has a duty to examine the file for unpaid fees. We are not impressed *817 with the Clerk’s argument that it is unreasonable to expect her office to maintain a current review of its records so as not to run afoul of the three-year prescriptive period, especially since the statutory law requires the Clerk to send out a bill within 120 days. Therefore, we conclude that the instant lawsuit, filed approximately nine years after the dismissal of Mr. Young’s client, has prescribed.
Accordingly, for the reasons given, we reverse the judgment of the trial court, costs to be borne by appellee.

REVERSED.